IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
v. ) Criminal No. 99-07 Erie
) (Civil No. 04-15)
MALCOLM HUSSAIN TORAN )
)

## Opinion and Order

Before the Court is Michael Hussain Toran's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 327). The government filed a Response to the Motion (Doc. 330), to which Mr. Toran has filed a Reply (Doc. 332).

### *Background*

A federal indictment was initially filed in this case on March 10, 1999. On September 14, 1999, the government filed a superseding indictment. On November 3, 1999, the government filed a two-count second superseding indictment against eleven defendants. The second superseding indictment charged petitioner, Malcolm Hussain Toran, with one count of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. 846, from in and around January 1998 to in and around March 1999. Mr. Toran was not charged in Count 2.

On August 17, 2000, Mr. Toran plead guilty in this court to Count 1 of the second superseding indictment pursuant to the written plea agreement entered into by Mr. Toran and the government. On October 25, 2000, Mr. Toran was sentenced to 281 months' imprisonment, 79 months below the guideline range of 360 months to life imprisonment in light of other overlapping conduct and in accordance with the plea agreement.

Mr. Toran filed a timely appeal of his sentence to the United States Court of Appeals for the Third Circuit on November 6, 2000. The Court of Appeals affirmed Mr. Toran's judgment of

conviction and sentence on October 21, 2002. United States v. Toran, 50 Fed. Appx. 79 (3d Cir. 2002).

### *Motion to Vacate*

Mr. Toran raised the following claim in his *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), pursuant to 28 U.S.C. § 2255:

> The indictment is invalid and insufficient violating the Defendant's Fifth Amendment guarantees. The sufficiency of the indictment is invalid for failing to state the facts and properly charge the defendant under the statutes of 21 U.S. 846 § 841(a)(1) & § 841(b)(1)(A)(iii). The indictment fails to charge the defendant with the proper components of the statutes which in turn does not bar the defendant from prosecution of the same charges. And that this indictment being that it is invalid-not sufficient, therefore should be dismissed without further prejudice.

(Motion to Vacate (Doc. 327), at i & 5.)

### *Evidentiary Hearing*

When a Motion is made under 28 U.S.C. §2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of the Petitioner's factual allegations unless they are clearly frivolous on the basis of the existing record. United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the petitioner is not entitled to relief. Id.; United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997).

We find no need for an evidentiary hearing as the record conclusively establishes that the Petitioner is not entitled to the relief sought in the petition. 28 U.S.C. § 2255.

### I. Standard of Review under 28 U.S.C. §2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. United States v. Cannistraro, 734 F.Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 and 919 F.2d 137 (3d Cir. 1990), cert. denied, 500 U.S. 916. Pursuant to 28 U.S.C. §2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the

2

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997), citing Hill v. United States, 368 U.S. 424, 428 (1962).

## II. Discussion

As noted, Mr. Toran challenges the sufficiency of the charge asserted against him in Count 1 of the second superseding indictment. Count 1 stated as follows:

> From in or around January 1998, to in and around March 1999, in the Western District of Pennsylvania and elsewhere, the defendants, MALCOLM HUSSAIN TORAN, also known as "Hots", [along with eleven other named defendants], did conspire with others both known and unknown to possess with the intent to distribute in excess of 50 grams of cocaine base, a substance commonly known as "crack", a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).
> In violation of Title 21, United States Code, Section 846.

### A. Challenge to the Sufficiency of the Indictment

The government argues that Mr. Toran is barred from challenging the indictment in a collateral attack since he has plead guilty to the charge against him. We agree. As the United States Court of Appeals for the Third Circuit has stated:

> Here the appellant, with the advice of counsel, pleaded guilty to the indictment. That plea constituted an admission of his guilt, a waiver of all nonjurisdictional defects and defenses, and admitted all the facts averred in the indictment. The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding. Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction.

United States v. Gallagher, 183 F.2d 342, 344 (3d Cir. 1950). Mr. Toran plead guilty to the charge in the indictment of conspiring to possess with intent to distribute crack cocaine and thus he has admitted his guilt and all facts averred in the indictment. He cannot challenge the indictment in this 2255 motion.

3

Even if we were to address the merits of Mr. Toran's claim, there simply is no defect with the indictment. Count 1 of the second superseding indictment is clearly worded and charges that Mr. Toran conspired with others to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), in the Western District of Pennsylvania and elsewhere, during the time frame beginning January 1998 and running to March 1999, in violation of 21 U.S.C. § 846. The indictment is specific, clear, and concise and informed Mr. Toran of the charges against him and permitted him to adequately prepare his defense. In other words, had a motion for a bill of particulars been asserted against this count in the indictment it would not have been granted.

Mr. Toran concedes that the indictment is plain and concise, but argues that it is not "definite" or "precise". Specifically, he claims that the indictment is defective (i) in not setting forth precise dates of the conspiracy (rather than the month and year it began and ended), (ii) in not setting forth the precise locations of where the conspiracy occurred (rather than the Western District of Pennsylvania and elsewhere), and (iii) in not setting forth that he acted knowingly, willingly, and intentionally.

As stated above, we find that indictment to be free from defect. The dates alleged in the indictment were sufficient, there was no need for the government to include a specific date in addition to alleging the month and year. Similarly, the location of the offense as in the Western District of Pennsylvania and elsewhere is also sufficient. Finally, every element of the substantive offense of the drug offense need not be included when a defendant is charged with conspiracy. United States v. Werme, 939 F.2d 108, 112 (3d Cir. 1991).

We also find that the charge in the indictment is sufficient in providing Mr. Toran with information to plead double jeopardy against any later prosecution. The charge sets forth the time frame of the conspiracy, the geographic area of the conspiracy, the purpose of the conspiracy as it relates to possessing and intending to distribute crack cocaine, and provides the names of eleven other coconspirators. This is sufficient to enable Mr. Toran to plead double jeopardy. United States v. Johnstone, 856 F.2d 539, 541-542 (3d Cir. 1988).

4

In conclusion, we find that Mr. Toran is barred from challenging the sufficiency of the indictment in his 2255 motion, and that even if he were not so barred, we would find no merit to his claim. Mr. Toran's petition will therefore be denied.

### B. Motion to Amend the 2255 Petition

Mr. Toran also filed a motion to amend his 2255 in light of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004). We denied that motion on November 1, 2004, stating that Blakely did not impact the Federal Sentencing Guidelines. Of course, the issues raised in Blakely were finally settled by the United States Supreme Court in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). "Blakely, as the Court of Appeals for the Seventh Circuit pointed out, reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system." Lloyd v. United States, 407 F.3d 608, 611 n.1 (3d Cir. 2005) (citing McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)). As such, we must address Mr. Toran's motion to amend to include a Blakely challenge in light of Booker. Accordingly, we will vacate our prior denial of the motion to amend and permit Mr. Toran to amend his petition. We turn now to address the merits of his claim.

The United States Court of Appeals for the Third Circuit has determined that Booker challenges are not applicable to collateral review claims like Mr. Toran's. Lloyd., 407 F.3d 608. In Lloyd, the Third Circuit court held that although the rule announced in Booker qualifies as a new rule or criminal procedure, it is not to be applied retroactively to prisoners whose judgment was final and who are in the initial § 2255 motion stage as of the date that the Booker decision was issued. "Because Booker announced a rule that is 'new' and 'procedural,' but not 'watershed,' Booker does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date Booker issued." Lloyd, 407 F.3d at 616-617. Mr. Toran's judgment was affirmed by the Court of Appeals on October 21, 2002, and the mandate was filed on the docket on November 14, 2002. Mr. Toran did not appeal that decision and thus his judgment was final well before the Booker decision was issued. Accordingly, the rule announced in Booker is not applicable

5

to Mr. Toran given that his judgment was final and he was in the initial section 2255 motion stage as of the date that the Booker decision was issued. We therefore affirm our denial of Mr. Toran's motion to amend.

### C. Certificate of Appealability

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Mr. Toran's motion to vacate. In Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484. Here, we find that jurists of reason would not find it debatable whether Mr. Toran states a valid claim of the denial of a constitutional right and jurists of reason would not find it debatable whether we were correct in our ruling that his claim was barred. Accordingly, a certificate of appealability will not be issued with respect to Mr. Toran's motion to vacate.

## IV. Conclusion

We will affirm our denial of Mr. Toran's motion to amend his 2255 petition. In addition, Mr. Toran's section 2255 motion will be denied, and a certificate of appealability will not be issued. Accordingly, the following order is therefore entered.

AND NOW, to-wit, this 7th day of October, 2008, for the reasons stated above, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Court's Order (Doc. 335) denying Petitioner's Motion to Amend the § 2255 in Light of Blakely (Doc. 334) is hereby VACATED. In light of Booker, the Petitioner's Motion to Amend (Doc. 334) is hereby GRANTED.

6

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 327), be and hereby is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a certificate of appealability SHOULD NOT ISSUE with respect to this Court's instant Order denying Mr. Toran's § 2255 Motion because, for the reasons set forth in the Opinion accompanying this Order which addresses his § 2255 Motion, Mr. Toran has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). See also Third Circuit Local Rule 22.2 (stating that "[i]f an order denying a petition under . . . § 2255 is accompanied by an opinion . . . it is sufficient if the order denying the certificate [of appealability] references the opinion . . . .").

*Maurice B. Cahill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Malcolm Hussain Toran, *pro se*
No. 10749-068
FCI Allenwood
P.O. BOX 2000
White Deer, PA 17887-2000

counsel of record

7